IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>    Plaintiff,                 )<br>                              )<br>    v.                        )<br>                              )<br>HECTOR MENDEZ and             )<br>MIRIAM MENDEZ, individually   )<br>and as Trustee of the         )<br>MMM FAMILY TRUST,             )<br>                              )<br>    Defendants.               )<br>_____ ) | Case No. 8:21-cv-2218-VMC-SPF |

## ORDER REOPENING CASE AND GRANTING DEFAULT JUDGMENT MOTION

On September 20, 2021, the United States commenced this action, seeking judgments against Defendants Hector and Miriam Mendez for unpaid federal income taxes, a finding that a transfer from the Mendezes to the MMM Family Trust was a fraudulent transfer, and an order either setting aside the transfer or granting a monetary judgment for the value of the transfer. *See* ECF No. 1.

On November 2, 2021, the Clerk of the Court entered default against all Defendants. *See* ECF Nos. 8, 9, and 10. On December 2, 2021, the United States moved for default judgment. *See* ECF No. 12. Magistrate Judge Flynn issued a Report and Recommendation on the motion on February 7, 2022, and the United

1

States filed a partial objection on February 22, 2022. *See* ECF Nos. 15 and 16. On March 25, 2022, at the request of the Court, the United States filed a supplemental brief on the effect of Florida's homestead exemption on the relief requested. *See* ECF Nos. 19 and 20.

This case was stayed on March 31, 2022 because Defendants Hector and Miriam Mendez filed a petition under Chapter 7 of the Bankruptcy Code. *See* ECF No. 22. Upon motion of the United States, the stay was lifted on December 21, 2022, after the Mendezes received a discharge and the automatic bankruptcy stay expired, and this matter was reopened. *See* ECF No. 26, 27; 11 U.S.C. § 362(c)(2)(C).

As to Count I, the Court finds that the United States has met its burden in establishing that Defendants Hector and Miriam Mendez are liable for unpaid income tax liabilities for 2014 and 2018. The order of discharge entered by the Bankruptcy Court in Defendants' bankruptcy case relieved the Mendezes of personal liability for their 2015, 2016, and 2017 federal income tax liabilities, as well as penalties and related interest assessed against the Mendezes for tax year 2014. *See In re Miriam Mendez and Hector Mendez* (8:22-bk-00939, Bankr. M.D. Fla.), ECF No. 18. However, based on the Bankruptcy Court's order in the related adversary proceeding, Defendants' federal income tax liability for 2014, including interest assessed on the principal tax liability, is excepted from discharge. *See United States v. Hector Mendez and Miriam Mendez* (8:22-ap-00138-CPM, Bankr. M.D. Fla.),

2

ECF No. 12. Additionally, Defendants' federal income tax liability for 2018, including penalties and all related interest, is also excepted from discharge. *See id.*

As to Counts II and III, taking the allegations in the Complaint as true due to the Mendezes' default, *see, e.g.*, *Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975), the Court finds that the United States has timely raised fraudulent transfer claims under federal and state law. *See* ECF No. 19. The United States has established its entitlement to an order finding that the transfer of the property at 11919 Linden Drive, Spring Hill, Florida 34608 ("Property") from Defendants Hector and Miriam Mendez to the MMM Family Trust was fraudulent under federal and state law. The Court finds that the Mendezes' transfer of the Property was made "with the actual intent to hinder, delay, or defraud" the Internal Revenue Service's collection efforts. *See Isaiah v. JP Morgan Chase, N.A.*, 960 F.3d 1296, 1302 (11th Cir. 2020) (quoting Fla. Stat. Ann. § 726.105(1)(a)). The United States has adequately established that statutory badges of fraud exist proving the transfer was fraudulent. *See* 28 U.S.C. § 3304(b)(2); Fla. Stat. Ann. § 726.105(2).

Although the factual allegations in the complaint are taken as true, the Court must still verify allegations pertaining to damages and determine that the complaint states a cause of action. *See Nishimatsu*, 515 F.2d at 1206; *McPherson v. Seaduced, LLC*, No. 8:14-cv-2315-VMC-EAJ, 2015 WL 1811029, at *1 (Apr. 21, 2015) (Covington, J.). The Court finds that Florida's homestead exemption does not

3

prohibit it from setting aside the transfer under federal or state fraudulent transfer statutes. Under the Constitution's Supremacy Clause, the United States can bypass the homestead exemption and enforce federal tax liens. *See United States v. Rodgers*, 461 U.S. 677, 700-02 (1982); *United States v. Offiler*, 336 F. App'x 907, 909 (11th Cir. 2009); *United States v. Fleet*, 498 F.3d 1225, 1230 (11th Cir. 2007). Furthermore, the Court finds that the Defendants cannot be protected by the homestead exemption because they purchased the Property with funds fraudulently obtained from the Internal Revenue Service. *See LaMarca v. Jansen (In re Bifani)*, 580 F. App'x 740, 747-48 (11th Cir. 2014).

Finally, the Court finds that the United States may pursue any collection efforts against Defendants up to the full amount of the monetary judgment awarded here. The federal and state fraudulent transfer statutes confer on this Court broad powers to issue an appropriate remedy that would most effectively "undo the fraud." *See United States v. Sherrill*, 626 F. Supp. 2d 1267, 1274-76 (M.D. Ga. 2009). The fraudulently transferred property may have increased in value since the transfer occurred in 2016. The Court agrees that any remedy short of allowing the United States to fully collect the monetary judgment awarded would not adequately undo the fraud perpetrated by the Defendants. Moreover, such collection is authorized by Sections 7402 and 7403 of the Internal Revenue Code.

Thus, upon review of the United States' motion for default judgment (ECF No. 12), the United States' objection to Magistrate Judge Flynn's report and recommendation (ECF No. 16), the United States' supplemental brief on Florida's homestead exemption (ECF No. 20), and the United States' motion to reopen this case (ECF No. 26), it is **ORDERED** that:

1. The stay on this case is lifted and the Clerk is directed to reopen the action.

2. As to Count I, judgment is entered in favor of the United States and against Defendants Hector and Miriam Mendez, jointly and severally:

    a. For their unpaid federal income tax liability for 2014, in the amount of $156,649.66 as of January 20, 2023, plus any accruing interest on that principal income tax liability balance pursuant to 26 U.S.C. §§ 6601, 6621, 6622; and

    b. For their unpaid income tax liability for 2018, in the amount of $7,865.23 as of January 20, 2023, plus further interest and statutory additions thereon as allowed by law, including all penalties assessed for 2018 and interest on those penalties pursuant to 26 U.S.C. §§ 6601, 6621, 6622.

3. As to Counts II and III:

    a. The Court finds that the transfer of the property located at 11919 Linden Drive, Spring Hill, FL 34608 is fraudulent under Fla. Stat. Ann. §§ 726.105 and 726.106;

    b. The Court finds that the transfer of the property located at 11919 Linden Drive, Spring Hill, FL 34608 is fraudulent under 28 U.S.C. §§ 3304(a)(i) and (b)(1)(A);

    c. The transfer from Hector and Miriam Mendez to the MMM Family Trust of the property located at 11919 Linden Drive, Spring Hill, FL 34608 is hereby set aside;

    d. The quitclaim deed signed by Hector and Miriam Mendez on March 18, 2016, transferring the property located at 11919 Linden Drive, Spring Hill, FL 34608 from them to the MMM Family Trust, is hereby stricken and deemed null and void; and

    e. The United States may undertake any collection activities against the property located at 11919 Linden Drive, Spring Hill, FL 34608 up to the full amount of the monetary judgment ordered in paragraph one.

**DONE AND ORDERED** in Chambers at Tampa, Florida this 13th day of February, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE